LAFAYETTE COUNTY v. HOYT DEES.

198 So. 694
En Banc
Opinion Filed November 5, 1940
Rehearing Denied December 6, 1940

*Lester Summersill,* for Appellant;

*W. P. Chavous,* for Appellee.

BUFORD, J.—Appeal brings for review final decree award-ing Hoyt Dees compensation as Tax Collector of Lafayette County based on compensation due and payable as earnings of the office of tax collector of that county between the 9th day of July, 1933, and the 20th day of May, 1936, in the sum of $4,349.63.

The record shows that Dees was commissioned to serve as Tax Collector for the first Monday in January, 1933, for a period of four years.

That in July, 1933, he ceased to perform the duties of the office and never performed them again until May, 1936.

On the 29th day of July, 1933, the then Governor of Florida appointed and commissioned one A. T. Folsom to the office of Tax Collector of LaFayette County to hold such office until the ensuing general election. At the ensuing general election in 1934, one F. Mabry Green was elected Tax Collector of LaFayette County and was on the 21st day of November, 1934, commissioned by the then Governor to hold the office for the then unexpired term, *supra*.

On January 25, 1936, Dees instituted quo warranto proceedings to recover possession of the office. Judgment in quo warranto in favor of Dees was rendered on the 20th day of May, 1936, and was executed on the following day.

The instant suit is one in chancery but the record shows that there was nothing which warranted the invoking of equity jurisdiction. The alleged ground for invoking equity was that an accounting was necessary but the record shows that such was not the case. The earnings of the office were definitely and clearly shown by the auditor's report and there was no claim involving any debits or credits not appearing on that report.

A court of equity is a court of conscience. Here the plaintiff becoming incapacitated to perform the duties of the office to which he had been elected and commissioned, ceased to perform those duties and for a period of nearly three years made no claim to the office and neither performed nor offered to perform any of the duties of the office. Others under color of office, viz.: commissions from the Governor, assumed to and did perform the duties of the office without objection from the plaintiff. Those others were paid the legal fees accruing in the office. We hold

the plaintiff was in equity and good conscience estopped from recovering in a court of equity a decree requiring the county to pay to him compensation after he had stood idly by and seen others under color of authority perform the duties of the office and receive the compensation required by law for the rendering of such services.

The decree is reversed with directions that the bill be dismissed.

So ordered.

Reversed with directions.

TERRELL, C. J., WHITFIELD and THOMAS, J. J., concur.

CHAPMAN, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.